George Hofmann (10005)
Melyssa D. Davidson (5941)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300

Attorneys for David L. Miller,
Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| In re | Bankruptcy Nos. 13-21910, 13-21911, and 13-26475 (WTT) |
|---|---|
| CASSAR JEWELERS, INC., KEN AND CARLA CASSAR, and CASSAR JEWELERS AND DIAMOND WHOLESALERS, LLC. | (Substantively Consolidated) |
| Debtors. | Chapter 7 |

TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS

David L. Miller (the "Trustee"), the duly appointed, qualified, and acting trustee of the above-captioned bankruptcy estates, by and through his undersigned counsel, respectfully moves the Court pursuant to Bankruptcy Code §§ 105 and 363 and Federal Rules of Bankruptcy Procedure 2002 and 6004, for an order approving the sale of Assets free and clear of liens (the "Motion"). In support of this motion, the Trustee respectfully states as follows:

00184292.DOCX

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On February 28, 2013, Cassar Jewelers, Inc. ("CJI") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. On February 28, 2013, Ken Cassar ("Mr. Cassar") and Carla Cassar ("Mrs. Cassar") (collectively, the "Cassars") also filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6. The Trustee was subsequently appointed as the Chapter 7 Trustee of the CJI bankruptcy estate and the Cassars' bankruptcy estate.

7. On June 6, 2013, the Trustee filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of Cassar Jewelers and Diamond Wholesalers, LLC ("CJDW").

8. By Order dated August 1, 2013, the cases were substantive consolidated under the lead case, Case No. 13-21910, thereby creating the above-captioned consolidated bankruptcy estate (the "Estate"). The Trustee serves as the Chapter 7 trustee for the Estate.

## BACKGROUND CONCERNING THE ASSETS

9. Among the assets of the Estate are CJDW's accounts receivable for jewelry sold on contract (the "Accounts Receivable").

10. Pursuant to the Order Approving Bid Procedures for Sale of Property, or, in the Alternative, To Abandon Property (the "Order Approving Bid Procedures") dated January 2, 2014 [Docket No. 82], the Trustee conducted an auction to sell the Accounts Receivable at the office of Trustee's counsel, Parsons Kinghorn Harris, 111 East Broadway, 11th Floor, Salt Lake City, Utah on January 24, 2014.

11. Bidding on the Accounts Receivable commenced at $5,000. Mr. and Mrs. Oscar Washington (the "Washingtons") were the highest bidders, bidding $14,000 for the Accounts Receivable, together with the records of CJI, the Cassars and CJDW that were turned over to the Trustee and which are currently in storage (the "Content of the Storage Unit").[1] The Accounts Receivable and Contents of the Storage Unit (collectively, the "Assets") were sold to the Washingtons for $14,000, subject to Court approval.

## THE PROPOSED SALE

12. The terms of the proposed sale are detailed in a Letter Agreement attached hereto as Exhibit "A" between the Trustee and the Washingtons. Specifically, upon entry of an order of the Court approving the Motion, the Washingtons will pay the Trustee the purchase price of $14,000 (the "Purchase Price"). In exchange for payment of the Purchase Price, the Trustee will assign, transfer, and convey the Estate's interest in the Assets.

13. The Trustee believes the Sale Price is reasonable and that sale of the Assets is in the best interest of the Estate and creditors. Additionally, upon approval of the sale, the Washingtons will be obligated to retrieve and remove the Contents of the Storage Unit

---

[1] Prior to the Auction, on January 9, 2014, the Trustee filed his Notice of Intent to Abandon Property for the Contents of the Storage Unit. See Docket No. 84. The Trustee had determined that the Contents of the Storage Unit was burdensome and of inconsequential value and benefit to the Estate.

by the end of March 2014, which will relieve the Estate of the financial burden for the storage unit rental and disposal of the Contents of the Storage Unit.

14.    The Assets will be sold by the Trustee "as is, where is", without any warranties or representations of any kind.

15.    In the Order Approving Bid Procedures, this Court ordered that the Trustee "be and hereby is authorized to sell the [Accounts Receivable] free and clear of liens, claims, encumbrances and interests, subject to Court approval by separate motion." See Order Approving Bid Procedures [Docket No. 82]. Accordingly, the Washingtons' purchase of the Assets should be free and clear of all liens, claims, encumbrances, and interests (collectively, "Interests"), with any valid Interests, if any, attaching to the proceeds of the sale in the same priority as they currently exist. As noted above, the Trustee has previously filed his notice of intent to abandon the Contents of the Storage Unit. No response has been filed and the time for responding has since passed. The Trustee is unaware of any claimed lien or encumbrance on the Contents of the Storage Unit.

**THE TRUSTEE SUBMITS THAT THE COURT SHOULD APPROVE THIS SALE**

16.    The Trustee believes that the proposed sale is in the best interests of creditors and the Estate. The Trustee believes that the proposed sale will bring funds into the Estate for the benefit of the Estate and creditors.

**WHEREFORE,** the Trustee moves this Court to enter an Order granting the Motion; approving the proposed sale of the Assets as outlined above pursuant to 11 U.S.C. §§ 105(a), 363(b), and 363(f), with the sale of the Assets to be free and clear of liens, claims, encumbrances, and interests; finding that all objections, if any, to this Motion are overruled; finding that the sale is in compliance with applicable bankruptcy law;

authorizing the Trustee and the Debtors to execute the documents necessary to effectuate the transactions contemplated by this Motion; providing liens, claims, encumbrances, and interests, if any, attach to the proceeds of the sale; waiving the 14-day stay period under Fed. R. Bankr. P. 6004, and for such other and further relief as is appropriate.

Dated: February 3, 2014.

                                                      **PARSONS KINGHORN HARRIS**
*A Professional Corporation*

/s/ Melyssa D. Davidson
GEORGE HOFMANN
MELYSSA D. DAVIDSON
Attorneys for the Chapter 7 Trustee

# EXHIBIT A

# P | K | H

**MELYSSA D. DAVIDSON**
mdd@pkhlawyers.com

PARSONS KINGHORN HARRIS
· A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Phone 801 363 4300
Fax 801 363 4378
www.pkhlawyers.com

January 30, 2014

**Via Email and U.S. Mail**
Mr. and Mrs. Oscar Washington
c/o Kenyon D. Dove, Esq.
SMITH KNOWLES, PC
2225 Washington Blvd. #200
Ogden, UT 84401
kdove@smithknowles.com

    Re:   **In re Cassar Jewelers, Inc., Ken and Carla Cassar, and Cassar Jewelers and Diamond Wholesalers, LLC, Substantively Consolidated Bankr. Case No. 13-21910**

Dear Mr. and Mrs. Washington:

    This letter is to follow up with you on the auction conducted on January 24, 2014 at our offices. You were the highest bidder at the auction for the above-referenced substantively consolidated bankruptcy estate's (the "Estate") interests in the accounts receivable of Cassar Jewelers and Diamond Wholesalers, LLC (the "Accounts Receivable") and all of the debtors' records currently being held in storage by the Trustee (the "Contents of the Storage Unit"). You bid $14,000 to purchase the Accounts Receivable and the Content of the Storage Unit (collectively, the "Assets"), subject to Bankruptcy Court Approval (the "Bid").

    In accordance with the Bankruptcy Court's Order Approving Bid Procedures for Sale of Property, dated January 2, 2014, the Trustee will move forward with confirmation of the sale of the Assets under the terms and conditions of the Bid, specifically:

    1.    <u>No Representations or Warranties</u>. Notwithstanding anything to the contrary, the Assets are being sold "as is" and "where is" in all respects; neither the Trustee nor any of his agents, attorneys, or representatives have made or makes any warranty or representation whatsoever regarding the Assets, or any other matter in any way related to the Assets, including, but not limited to, extent, value, or title to the Estate's interests in the Assets. By signing below, you agree that you are not relying on, and you hereby specifically waive any claim of liability based on, any statement, representation, warranty, promise, covenant, or

00184150.DOC

Mr. and Mrs. Oscar Washington
January 30, 2014
Page- 3-

---

      If the terms of this letter are acceptable, please sign below and return the executed letter to me to accept these terms. The Trustee looks forward to working with you to complete this transaction.

                                       Very truly yours,

                                       GEORGE HOFMANN
                                       MELYSSA D. DAVIDSON
                                       *Attorneys for the Chapter 7 Trustee*

**ACCEPTED AND AGREED:**

_(signature)_
Oscar Washington

_(signature)_
Vicky Washington

00184150.DOC